UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEE STARR,<br><br>    Petitioner,<br><br>    v.<br><br>BRANDON PRICE,<br><br>    Respondent. | Case No. 20-02243 EJD (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner is a state detainee who is under civil commitment pursuant to California's Sexually Violent Predator Act ("SVSP"). Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his civil commitment.[1] Dkt. No. 1. Petitioner has paid the filing fee.

### BACKGROUND

On March 14, 2017, a jury in Alameda County Superior Court found Petitioner to be a sexually violent predator pursuant to the SVSP. Dkt. No. 1 at 15. The trial court ordered Petitioner committed for an indeterminate term. Id.

---

[1] This matter was reassigned to this Court on May 13, 2020, after Petitioner declined magistrate judge jurisdiction. Dkt. Nos. 4, 5, 6.

Petitioner appealed to the state appellate court, which affirmed the trial court's order on August 22, 2019.  Id. at 37.  The state high court also denied review.  Id. at 59.  Petitioner filed this federal habeas action on April 2, 2020.

## DISCUSSION

**A.   Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

**B.   Legal Claims**

Petitioner claims the following as grounds for federal habeas relief: (1) he was denied due process because of excessive delay in bringing him to trial and failure to give a requested pinpoint jury instruction; and (2) the SVPA violates the equal protection, double jeopardy, and ex post facto clauses of the Constitution.  Dkt. No. 1 at 8-9.  Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.   The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk also shall serve a copy of this order on Petitioner.

2.      Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4.      It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

Dated:  9/9/2020

EDWARD J. DAVILA
United States District Judge

Order to Show Cause; Pending Motions
P:\PRO-SE\EJD\HC.20\02243Startt_osc